*December*, 1821.                    Anonymous.

## OPINION of the Court by Judge *Crenshaw*.

In Trespass vi et
armis for unlaw-
fully entering
plaintiff's house
under pretence of
searching for mo-
ney stolen, plain-
tiff may aver and
prove injury to
his reputation.

The declaration alleges that defendant with force and arms broke and entered into plaintiff's dwelling-house, under pretence of searching for money stolen, and unlawfully, unreasonably, and maliciously searched said house without a warrant, &c. by means whereof plaintiff and his family were disturbed in their dwelling, his private papers exposed to the eye of curiosity, and he greatly injured in his good name, fame, and credit, and brought into public scandal, infamy, and disgrace, &c. The defendant demurred, and assigned for causes—1st. The plaintiff claims consequential Damages for an injury to his character in an action of Trespass vi et armis.—2d. An injury with force cannot be joined in the same action with an injury to the character. The Court below sustained the demurrer, which is the matter assigned as Error here.

It is laid down by the most approved authorities, that in this action Damages are recoverable for all injuries which naturally result from the wrongful act which constitutes the Trespass. In many instances it is not necessary to allege such incidental or consequential injuries in the declaration; but they may be given in evidence, under the general allegation of *alia onorma*. The declaration here alleges

that by reason of a tortious entry into the plaintiff's dwelling-house, and an unlawful and malicious search for stolen money, he sustained an injury in his character. Can we conceive any act better adapted to wound sensibility and destroy reputation? It is the natural and immediate consequence of the unlawful and malicious entry and search of the plaintiff's dwelling. He may have sustained no pecuniary loss; but the injury fixes on him the eye of public suspicion, inflicts a rankling wound on his feelings, and tends to prostrate his character. We think that in this form of action Damages may be recovered for such a consequential injury. It is immaterial whether it be averred in the declaration or not; it may be given in evidence, and if it naturally results from the original trespass, goes to aggravate the Damages, though it is not to be viewed as a substantive cause of action in the case. I know of no action which would lie for this consequential injury to the plaintiff's character. If he cannot obtain satisfaction in this form of action he is without remedy.

Let the judgment be reversed, and the cause be remanded for further proceedings.